## TOM RUSSELL v. THE STATE.

### No. 2600.   Decided February 11, 1903.

**1.—Playing at a Game With Cards—Indictment.**

An indictment charging, in general terms, the playing at a game with cards, not at a private residence occupied by a family, is sufficient, under article 379, White's Penal Code. It is not necessary to set out a certain and definite place as the place where the playing occurred.

**2.—Jurors—Disqualification.**

Where it is sought to disqualify jurors because they sat upon the trial of a companion case, this must be done upon their voir dire examination. It can not be availed of on a motion in arrest, after defendant's conviction.

Appeal from the County Court of Somervell. Tried below before Hon. J. G. Adams, County Judge.

Appeal from a conviction of playing cards; penalty, a fine of $10.

No statement required.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with playing at a game with cards, which said game of cards was not played at a private residence occupied by a family. The first two grounds of the motion to quash are in the nature of general demurrers, alleging that the complaint and information are vague and indefinite, and insufficient to set forth the offense. It is contended that neither the complaint nor information affirmatively allege that defendant played at a game of cards at any place in Somervell County where card playing is prohibited. If it was intended by this criticism to say that venue was not

properly alleged, it is sufficient answer to state it is specifically alleged that the playing occurred in Somervell County. If it is intended to attack these pleadings because the pleader does not designate a particular point or place, we hold that this was not necessary. We suppose the contention is that in charging, under article 379, White's Annotated Penal Code, as amended, the pleader did not state that it was at a definite and certain place, setting it out. In cases of this character, as we understand the decisions, this has never been necessary. Where the information undertakes to charge at a public place—one named in the statute—it is sufficient to allege the playing occurred at that particular place, or in that particular house or character of house, without describing it as a public place, because the statute makes it so; as, for instance, where the game is charged to have occurred in a saloon, or hotel, or public inn, or public place of that character, specifically mentioned. If it is intended to charge a playing at a public place not specifically mentioned in the statute, then the facts should be stated which makes it a public place. But that does not apply here. Under the latter clause of the article referred to, any playing anywhere, not mentioned in the preceding portions of the statute, is a violation of the law, unless at a private residence, occupied by a family. The facts show the playing occurred in a pasture in a cedar brake. We are of opinion that the criticism of the complaint and information are not well taken. We have an instance in a "crap game," which is an offense played anywhere except at a private house. It has always been held that simply to charge the playing of a game of craps at a place other than at a private residence was sufficient to charge this offense.

Bill of exceptions was reserved to the evidence of Sid McCoy and Sid Mitchell, who testified to appellant playing in the game of cards in the pasture in the cedar brake, about a mile and a half northwest of the town of Glen Rose. The grounds of objection are that the information did not allege that the game was played at a public place, or at any particular place. This constitutes no objection, for the reasons indicated in discussing the motion in arrest.

It is also urged in the motion that the jurors trying the case were disqualified and incompetent. These six jurors were taken on the trial without exception. It is contended in the motion that these jurors were incompetent, because each of them had a fixed opinion as to the guilt of defendant, and had expressed said opinion, which was unknown to defendant. There is no bill of exceptions reserved to any of these matters; and appellant relied upon attacking the jurors after conviction. Their evidence was taken in connection with the motion. They stated on their voir dire, in substance, that they had neither formed nor expressed an opinion as to the guilt or innocence of defendant; that they had convicted Pete Williams for having played in the same game. They further stated on their voir dire that they did not know what game of cards defendant was to be tried for playing, but they did know

they could give him a fair and impartial trial under the law and the evidence; and further testified that in rendering their verdict they were guided solely by the law and the evidence submitted to them, and not by any evidence or circumstances detailed in evidence in the Pete Williams case, 72 S. W. Rep., 192, or any other evidence or circumstance outside the record in this particular case. As this matter is presented to us, there is no error shown. The jurors were not asked with reference to the Pete Williams case on their voir dire. If defendant knew of their having sat in the Pete Williams case, which was a companion case to this, and he had desired to excuse them on that account, he should have directed his examination to that point while the jurors were upon their voir dire. It is too late, after conviction, to attempt to take advantage of this matter.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*